UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KEVIN T.,[1] | Case No. 1:19-cv-01006-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**Kasubhai,** United States Magistrate Judge:

Plaintiff Kevin T. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

The Administrative Record contains transcripts from administrative hearings from a previous application for benefits in which, relying on testimony from a medical expert, an Administrative Law Judge ("ALJ") initially found Plaintiff disabled. *See* Tr. 49–59; 61–83; *see also* Tr. 57 (finding Plaintiff disabled based on testimony from a medical expert who opined that Plaintiff's "back problem combined with [his] obesity [wa]s so bad . . . that it me[t] the listing [and that Plaintiff could] no longer work").[2] However, the Appeals Counsel—"on its own motion"—remanded that favorable decision to a different ALJ who acquired new medical expert testimony and ultimately denied Plaintiff's claim. Tr. 65; *see also* Tr. 16–24; 29–48; 61–83. Plaintiff was unrepresented at each of those hearings. *Id.*

Plaintiff filed subsequent applications for SSI and DIB in May 2016 with an alleged onset date of February 20, 2011. Tr. 15. His claims were denied initially and upon reconsideration. *Id.* Thereafter, Plaintiff requested a hearing before an ALJ, and a hearing was held in June 2018 in which Plaintiff again appeared without representation. *Id*. On August 17, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 16–24. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 36 years old on his alleged onset date. Tr. 22. He has an eighth-grade education and past relevant work as an electrical continuity tester and a warehouse worker. *Id.*; *see also* Tr. 35. Plaintiff alleges disability based on scoliosis and nerve damage in his vertebrae. Tr. 248.

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

Page 2 — OPINION AND ORDER

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; mild lumbar degenerative disc disease with sciatica; chronic pain syndrome; and depression. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id.* Before proceeding to step four, the ALJ assessed Plaintiff's RFC. The ALJ found that Plaintiff had the RFC to perform a full range of light work, with the following nonexertional limitations:

> [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand for one hour, walk for two hours, and sit for six hours in an eight-hour workday. [He] must be able to sit and stand as needed while continuing to perform job duties. He will need to use a cane to ambulate more than 20 feet. [He] is capable of frequent bilateral use of the lower extremities. He can occasionally climb stairs and ramps, but should avoid ladders, ropes, and scaffolds. [He] can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid workplace hazards, such as unprotected heights or dangerous machinery. He can occasionally operate a motor vehicle. [He] should have no concentrated exposure to respiratory irritants such as fumes, dusts, gases, humidity, extreme heat or cold, and humidity [sic]. [He] should avoid ambulation over uneven surfaces. He can understand, remember, and carry out only simple instructions that can be learned in 30 days or less.

Tr. 20.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found that, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. *Id*. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 23–24.

## DISCUSSION

Plaintiff assigns error to two portions of the ALJ's decision. First, he argues that the ALJ erred in giving *res judicata* effect to his prior unfavorable disability determination. Pl.'s Opening Br. 6–10, ECF No. 18 ("Pl.'s Br."). Second, he contends that the ALJ improperly rejected his subjective symptom testimony. *Id*. at 10–13. The Commissioner disagrees and asserts that the ALJ properly applied the presumption of continuing nondisability and that the ALJ reasonably found that Plaintiff's symptom reports were unreliable. Def.'s Br. 4–9, ECF No. 19. Because the Court finds that the ALJ erroneously gave *res judicata* effect to the previous nondisability determination, the decision is based on legal error and must therefore be reversed.

**I.    *Res Judicata***

Specifically, Plaintiff argues that his lack of representation during his prior claim as well as his worsened condition made the ALJ's application of *res judicata* on his current applications inappropriate. The Commissioner does not explicitly address Plaintiff's lack of counsel during the prior determination. *See* Def.'s Br. 7–9. Instead, the Commissioner essentially argues that the ALJ properly "considered and discussed all the updated evidence in the record, including evidence and testimony not considered" in Plaintiff's previous application. *Id*. at 8.

"The principles of *res judicat*a apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). If an ALJ finds a claimant not disabled in a prior final decision, then a presumption of nondisability arises in a subsequent social security claim involving the same parties, facts, and issues. *Id.* In order for a claimant to "overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability," a claimant "must prove 'changed circumstances' indicating a greater

disability." *Id.* (citing *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Changed circumstances can include an (1) "increase in severity" of an impairment; (2) "a change in the claimant's age category, as defined in the Medical-Vocational Guidelines"; or (3) new issues raised by the claimant, "such as the existence of an impairment not considered" in a prior application. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

Significantly, as relevant here, *res judicata* also does not apply "where the claimant was unrepresented by counsel at the time of the prior claim." *Id.* at 827–28; *see also Bruggeman v. Chater*, 106 F.3d 406 (9th Cir. 1997) (holding that the ALJ erred in giving weight to the denial of the claimant's previous application as she was unrepresented by counsel at the time). An exception to this general rule applies despite a claimant's lack or representation, however, where an ALJ thoroughly develops the administrative record. *Compare Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982) (holding that the application of *res judicata* was inappropriate where the claimant was not represented by counsel and the administrative record was inadequately developed), *with Schuff v. Astrue*, 327 Fed.Appx. 756, 757 (9th Cir. 2009) (holding that, although the claimant was not represented by counsel in prior proceedings, it was not error for the ALJ to apply *res judicata* because the record from the claimant's prior claim was well developed).

Finally, while a claimant has a statutory right to counsel at a hearing before an ALJ, she may waive that right and proceed without counsel as long as the waiver is knowing and intelligent. *See Duns v. Heckler*, 586 F. Supp. 359, 364 (N.D. Cal. 1984) (citations omitted). Here, Plaintiff was informed of his right to counsel during all three of his administrative hearings and chose to proceed without the benefit of an advocate. *See* Tr. 32, 51–52, 63.

Notwithstanding whether such a waiver was knowing and intelligent, however, the crucial inquiry in a social security disability appeal centers on whether in the absence of counsel the ALJ met her duty "to scrupulously and conscientiously probe into . . . all the relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (citations omitted) (remanding case where the ALJ made no effort and gave the claimant scant opportunity to elaborate on crucial questions). The Ninth Circuit has explained that ALJs bear a "heavy" burden in such circumstances. *See Vidal v. Harris*, 637 F.2d 710, 714–15 (9th Cir. 1981) ("Since the claimant was not represented by counsel and the administrative law judge did not scrupulously and conscientiously probe into, inquire of and explore for all relevant facts, the interests of justice demand that the case be remanded.") (citation and quotation marks omitted).

Applying the above principles here, the Court concludes that this case must be remanded. In her decision, the ALJ applied Social Security Acquiescence Ruling ("AR") 97-4(9), which articulates how adjudicators must implement the Ninth Circuit's holding in *Chavez*[3]; however, with the exception of a general reference to the prior decision, the ALJ summarily found that Plaintiff "ha[d] not rebutted the presumption of ongoing nondisability" and adopted the prior ALJ's findings without any specific reference to the record. *See* Tr. 16 (citing Tr. 84–103). Moreover, Plaintiff highlights that a review of the record reveals the prior decision relied on treatment notes that do not appear to be present in the current Administrative Record. *See* Tr. 90. Thus, based on the ALJ's lack of specificity—combined with the Commissioner's failure to

---

[3] *See also* AR 97-4(9), *available at* https://www.ssa.gov/OP_Home/rulings/ar/09/AR97-04-ar-09.html#:~:text=AR%2097%2D4(9)%3A,of%20the%20Social%20Security%20Act, (last accessed Aug. 22, 2020).

include the relevant evidence in this Administrative Record—the Court is unable to ascertain whether the ALJ properly ensured that the prior administrative hearings were fair to Plaintiff in the absence of representation. *See Mikki v. Berryhill*, 2018 WL 4026388, at *3 (S.D. Cal. Aug. 23, 2018) ("without a full record, the Court cannot conclude that the ALJ's application of *res judicata* is supported").[4] Accordingly, the ALJ failed to carry her heavy burden "to scrupulously and conscientiously probe into . . . all the relevant facts" the prior decision was based on while Plaintiff was unrepresented. *See Cox*, 587 F.2d at 991. As such, the Court finds the ALJ erred in applying the *res judicata* presumption and this case must be remanded.[5]

## II.     Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d

---

[4] The Commissioner notes that the ALJ "pointed out that [the opinions of the non-examining State agency reviewing consultants] differed from the prior decisions findings" in attempting to improperly bolster the ALJ's reasoning in applying the *res judicata* presumption. Def.'s Br. 8. But that reasoning was not offered in support of the ALJ's application of AR 97-4(9) and is therefore not properly before this Court. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Moreover, the Court notes, the ALJ did not rely on a medical opinion from any medical professional who actually treated or examined Plaintiff. *Cf. Cox*, 587 F.2d 991 (noting that ALJ has a duty to develop the record by eliciting "favorable as well as unfavorable facts").

[5] Because the Court finds the ALJ improperly applied the *res judicata* presumption based on Plaintiff's lack of representation in his prior application, the Court need not determine whether the presumption was improperly applied based upon "changed circumstances." *See generally Chavez*, 844 F.2d at 693. Similarly, "[b]ecause the Court remands the case to the Commissioner for reconsideration of all issues without the presumption of non-disability, the Court need not address the merits" of Plaintiff's additional assignment of error with respect to the ALJ's rejection of Plaintiff's subjective symptom testimony. *See Mikki*, 2018 WL 4026388, at *3 n.3.

1172, 1179 (9th Cir. 2000). Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

Here, remanding for additional proceedings is appropriate to allow the agency to issue a new ruling without applying the *Chavez* presumption of nondisability. The Court further finds the record would benefit from a consultative examination to assess the extent Plaintiff's physical limitations impact his ability to work, specifically as they relate to the Listings.

Accordingly, the Court remands this case on an open record. Additionally, the Commissioner must: (1) purchase a consultative examination to assess Plaintiff's functional limitations; (2) conduct a *de novo* review of the medical opinion evidence in light of the consultative examiner's opinion and any other medical evidence Plaintiff may choose to submit in support of his applications; (3) reassess Plaintiff's subjective symptom testimony *de novo* and accept the limitations described therein or provide specific, clear and convincing reasons for their rejection; and (4) conduct any further necessary proceedings.

///
///
///
///
///
///
///
///

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED on an open record pursuant to sentence four of 42 U.S.C. § 405(g) for additional proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 9th day of September 2020.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge